No. _____

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN FRANCISCO DIVISION*

FILED
04 FEB 12 AM 9:
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## THE UNITED STATES OF AMERICA

*vs.*  CR 04 - 0044

**VICTOR CONTE, JR., JAMES VALENTE,
GREG ANDERSON and REMI KORCHEMNY**

SI

# INDICTMENT

21 U.S.C. §§ 846 and 841 (b)(1)(D) - Conspiracy to Distribute and Possess With
Intent to Distribute Anabolic Steroids; 21 U.S.C. 841(b)(1)(D) - Possession With
Intent To Distribute Anabolic Steroids; 18 U.S.C. § 371 and 21 U.S.C. §§ 331(a),
331(k), and 333(b)(2) - Conspiracy to Defraud the United States Through The
Introduction and Delivery of Misbranded Drugs with Intent To Defraud and
Mislead, And The Misbranding Of Drugs Held For Sale With Intent to Defraud And
Mislead; 21 U.S.C. §§ 331(a) and 333(a)(2) - Introduction and Delivery of
Misbranded Drugs With Intent To Defraud And Mislead; 21 U.S.C. §§ 331(k) and
333(a)(2) - Misbranding of Drugs Held For Sale With Intent To Defraud and
Mislead; 21 U.S.C. § 333 (e)(1) - Possession With Intent To Distribute Human
Growth Hormone; 18 U.S.C. § 1956(h) - Conspiracy To Launder Monetary
Instruments; 18 U.S.C. § 1956(a)(1)(b)(i) - Money Laundering; 18 U.S.C. § 2 - Aiding
and Abetting; 18 U.S.C. § 982 and 21 U.S.C. §§ 853 and 881 - Criminal Forfeiture

*A true bill.*

*Kimberlee*
*Foreperson*

Nt Bail arrest Warrant to issue stayed
until 12:00 pm 2/13/04

*Filed in open court this* ___12th___ *day of* ___February___ *A.D. 2004*

Brenda Tolbert
**Clerk**

**Bail. $** _____

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-
  meanor
☒ Felony

PENALTY:
SEE ATTACHED SHEET

**DEFENDANT** - U.S.

▶ VICTOR CONTE, JR.

DISTRICT COURT NUMBER

**CR   04   0044**

**SI**

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

SA JEFF NOVITZKY, IRS

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:

  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?  ☐ No    give date
                     filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

Name and Office of Person
Furnishing Information on
THIS FORM         KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)      AUSA JEFF NEDROW

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT   Bail Amount: NONE

If Summons, complete following:

☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

PENALTY SHEET–UNITED STATES V. VICTOR CONTE ET AL

**Count One–Conspiracy to Possess Anabolic Steroids With Intent To Distribute (21 U.S.C. Section 846)**

**Defendants:** **Victor Conte, James Valente, Greg Anderson, Remi Korchemny**

Penalties:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Counts Two through Seven--Possession With Intent to Distribute Anabolic Steroids; Aiding And Abetting (21 U.S.C. § 841(a)(1))**

**Defendants: Count 2: Victor Conte, James Valente,  Remi Korchemny**
**Count 3: Victor Conte, James Valente, Greg Anderson**
**Count 4: Victor Conte, James Valente**
**Count 5: Victor Conte, James Valente, Remi Korchemny**
**Count 6: Victor Conte, James Valente, Greg Anderson**
**Count 7: Victor Conte, James Valente, Greg Anderson**

Penalties for each Count:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Count Eight--Conspiracy to defraud the United States (18 U.S.C. Section 371)**

Penalty:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Counts 32-35--Distribution and Possession with intent to distribute human growth hormone for unauthorized uses**
**(21 U.S.C. § 333(e)(1))**

**Defendants: Count 32: Victor Conte, James Valente**
　　　　　　　**Count 33: Victor Conte, James Valente**
　　　　　　　**Count 34: Greg Anderson**
　　　　　　　**Count 35: Greg Anderson**

Penalties for each count

　　　　　Maximum Five Years Imprisonment
　　　　　$250,000 fine
　　　　　Maximum Three Years Supervised Release
　　　　　$100 special assessment fee

**Count 36**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. Section 1956(h))**

**Defendants: Conte, Valente, and Anderson**

Penalty:　　　Maximum 20 years imprisonment
　　　　　　　$500,000 fine
　　　　　　　Maximum Five Years Supervised Release
　　　　　　　$100 special assessment fee

**Counts 37-42–Money Laundering**
**(18 U.S.C. Section 1956(a)(1)(b)(i))**

Penalty for each count:

　　　　　Maximum 20 years imprisonment
　　　　　$500,000 fine
　　　　　Maximum Five Years Supervised Release
　　　　　$100 special assessment fee

**Criminal Forfeiture Allegations:**

Forfeiture penalty:

Forfeiture of proceeds of drug trafficking and proceeds subject of money laundering conduct

**Counts Nine to Seventeen—Distributing in interstate commerce, with the intent to defraud and mislead, misbranded drugs (21 U.S.C. Sections 331(a) and 333(a)(2))**

Defendants:   Count 9: Victor Conte, James Valente, Greg Anderson
Count 10: Victor Conte, James Valente
Count 11: Victor Conte, James Valente, Greg Anderson
Count 12: Victor Conte, James Valente, Greg Anderson
Count 13: Victor Conte, James Valente, Greg Anderson
Count 14: Victor Conte, James Valente, Greg Anderson
Count 15: Victor Conte, James Valente, Greg Anderson
Count 16: Victor Conte, James Valente
Count 17: Victor Conte, James Valente

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Counts Eighteen to Thirty-One—Misbranded drugs held for sale with intent to defraud and mislead   (21 U.S.C. Sections 331(k) and 333(a)(2))**

Defendants:   Count 18: Victor Conte, James Valente, Remi Korchemny
Count 19: Victor Conte, James Valente
Count 20: Victor Conte, James Valente, Remi Korchemny
Count 21: Victor Conte, James Valente, Remi Korchemny
Count 22: Victor Conte, James Valente, Remi Korchemny
Count 23: Victor Conte, James Valente
Count 24: Greg Anderson
Count 25: Victor Conte, James Valente, Remi Korchemny
Count 26: Victor Conte, James Valente, Remi Korchemny
Count 27: Victor Conte, James Valente, Remi Korchemny
Count 29: Greg Anderson
Count 30: Victor Conte, James Valente, Remi Korchemny
Count 31: Victor Conte, James Valente, Greg Anderson

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

SEE ATTACHED SHEET

**DEFENDANT - U.S.**

▶ REMI KORCHEMNY

DISTRICT COURT NUMBER

CR 04 0044 SI

---

### PROCEEDING

**Name of Complainant Agency, or Person (&Title, if any)**

SA JEFF NOVITZKY, IRS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**
KEVIN V. RYAN

☒ U.S. Att'y   ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**
AUSA JEFF NEDROW

---

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

Month/Day/Year

**DATE OF ARREST**

Or... if Arresting Agency & Warrant were not

Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: NONE

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

**Counts Nine to Seventeen–Distributing in interstate commerce, with the intent to defraud and mislead, misbranded drugs
(21 U.S.C. Sections 331(a) and 333(a)(2))**

Defendants:  Count 9: Victor Conte, James Valente, Greg Anderson
             Count 10: Victor Conte, James Valente
             Count 11: Victor Conte, James Valente, Greg Anderson
             Count 12: Victor Conte, James Valente, Greg Anderson
             Count 13: Victor Conte, James Valente, Greg Anderson
             Count 14: Victor Conte, James Valente, Greg Anderson
             Count 15: Victor Conte, James Valente, Greg Anderson
             Count 16: Victor Conte, James Valente
             Count 17: Victor Conte, James Valente

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Counts Eighteen to Thirty-One–Misbranded drugs held for sale with intent to defraud and mislead  (21 U.S.C. Sections 331(k) and 333(a)(2))**

Defendants:  Count 18: Victor Conte, James Valente, Remi Korchemny
             Count 19: Victor Conte, James Valente
             Count 20: Victor Conte, James Valente, Remi Korchemny
             Count 21: Victor Conte, James Valente, Remi Korchemny
             Count 22: Victor Conte, James Valente, Remi Korchemny
             Count 23: Victor Conte, James Valente
             Count 24: Greg Anderson
             Count 25: Victor Conte, James Valente, Remi Korchemny
             Count 26: Victor Conte, James Valente, Remi Korchemny
             Count 27: Victor Conte, James Valente, Remi Korchemny
             Count 29: Greg Anderson
             Count 30: Victor Conte, James Valente, Remi Korchemny
             Count 31: Victor Conte, James Valente, Greg Anderson

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Counts 32-35--Distribution and Possession with intent to distribute human growth hormone for unauthorized uses**
**(21 U.S.C. § 333(e)(1))**

**Defendants: Count 32: Victor Conte, James Valente**
**Count 33: Victor Conte, James Valente**
**Count 34: Greg Anderson**
**Count 35: Greg Anderson**

Penalties for each count

Maximum Five Years Imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Count 36**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. Section 1956(h))**

**Defendants: Conte, Valente, and Anderson**

Penalty:      Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

**Counts 37-42--Money Laundering**
**(18 U.S.C. Section 1956(a)(1)(b)(i))**

Penalty for each count:

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

**Criminal Forfeiture Allegations:**

Forfeiture penalty:

Forfeiture of proceeds of drug trafficking and proceeds subject of money laundering conduct

PENALTY SHEET–UNITED STATES V. VICTOR CONTE ET AL

**Count One–Conspiracy to Possess Anabolic Steroids With Intent To Distribute (21 U.S.C. Section 846)**

**<u>Defendants:</u> Victor Conte, James Valente, Greg Anderson, Remi Korchemny**

Penalties:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Counts Two through Seven--Possession With Intent to Distribute Anabolic Steroids; Aiding And Abetting (21 U.S.C. § 841(a)(1))**

**Defendants: Count 2: Victor Conte, James Valente,  Remi Korchemny**
**Count 3: Victor Conte, James Valente, Greg Anderson**
**Count 4: Victor Conte, James Valente**
**Count 5: Victor Conte, James Valente, Remi Korchemny**
**Count 6: Victor Conte, James Valente, Greg Anderson**
**Count 7: Victor Conte, James Valente, Greg Anderson**

Penalties for each Count:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Count Eight--Conspiracy to defraud the United States (18 U.S.C. Section 371)**

Penalty:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHED SHEET

**DEFENDANT - U.S.**

▶ JAMES VALENTE

**DISTRICT COURT NUMBER**

CR 04 0044

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)

SA JEFF NOVITZKY, IRS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)

AUSA JEFF NEDROW

---

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No } If "Yes" give date filed
Month/Day/Year

**DATE OF ARREST** ▶
Or... if Arresting Agency & Warrant were not
Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▶
Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT  Ball Amount: NONE

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**Counts Nine to Seventeen–Distributing in interstate commerce, with the
intent to defraud and mislead, misbranded drugs
(21 U.S.C. Sections 331(a) and 333(a)(2))**

Defendants:  Count 9: Victor Conte, James Valente, Greg Anderson
Count 10: Victor Conte, James Valente
Count 11: Victor Conte, James Valente, Greg Anderson
Count 12: Victor Conte, James Valente, Greg Anderson
Count 13: Victor Conte, James Valente, Greg Anderson
Count 14: Victor Conte, James Valente, Greg Anderson
Count 15: Victor Conte, James Valente, Greg Anderson
Count 16: Victor Conte, James Valente
Count 17: Victor Conte, James Valente

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Counts Eighteen to Thirty-One–Misbranded drugs held for sale with intent
to defraud and mislead  (21 U.S.C. Sections 331(k) and 333(a)(2))**

Defendants:  Count 18: Victor Conte, James Valente, Remi Korchemny
Count 19: Victor Conte, James Valente
Count 20: Victor Conte, James Valente, Remi Korchemny
Count 21: Victor Conte, James Valente, Remi Korchemny
Count 22: Victor Conte, James Valente, Remi Korchemny
Count 23: Victor Conte, James Valente
Count 24: Greg Anderson
Count 25: Victor Conte, James Valente, Remi Korchemny
Count 26: Victor Conte, James Valente, Remi Korchemny
Count 27: Victor Conte, James Valente, Remi Korchemny
Count 29: Greg Anderson
Count 30: Victor Conte, James Valente, Remi Korchemny
Count 31: Victor Conte, James Valente, Greg Anderson

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

PENALTY SHEET–UNITED STATES V. VICTOR CONTE ET AL

**Count One–Conspiracy to Possess Anabolic Steroids With Intent To Distribute
(21 U.S.C. Section 846)**

**Defendants:** **Victor Conte, James Valente, Greg Anderson, Remi Korchemny**

Penalties:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Counts Two through Seven--Possession With Intent to Distribute Anabolic Steroids;
Aiding And Abetting (21 U.S.C. § 841(a)(1))**

**Defendants: Count 2: Victor Conte, James Valente,  Remi Korchemny
        Count 3: Victor Conte, James Valente, Greg Anderson
        Count 4: Victor Conte, James Valente
        Count 5: Victor Conte, James Valente, Remi Korchemny
        Count 6: Victor Conte, James Valente, Greg Anderson
        Count 7: Victor Conte, James Valente, Greg Anderson**

Penalties for each Count:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Count Eight--Conspiracy to defraud the United States
(18 U.S.C. Section 371)**

Penalty:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Counts 32-35–Distribution and Possession with intent to distribute human growth hormone for unauthorized uses**
**(21 U.S.C. § 333(e)(1))**

Defendants: Count 32: Victor Conte, James Valente
                     Count 33: Victor Conte, James Valente
                     Count 34: Greg Anderson
                     Count 35: Greg Anderson

Penalties for each count

             Maximum Five Years Imprisonment
             $250,000 fine
             Maximum Three Years Supervised Release
             $100 special assessment fee

**Count 36**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. Section 1956(h))**

**Defendants: Conte, Valente, and Anderson**

Penalty:      Maximum 20 years imprisonment
                 $500,000 fine
                 Maximum Five Years Supervised Release
                 $100 special assessment fee

**Counts 37-42–Money Laundering**
**(18 U.S.C. Section 1956(a)(1)(b)(i))**

Penalty for each count:

             Maximum 20 years imprisonment
             $500,000 fine
             Maximum Five Years Supervised Release
             $100 special assessment fee

**Criminal Forfeiture Allegations:**

Forfeiture penalty:

Forfeiture of proceeds of drug trafficking and proceeds subject of money laundering conduct

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED FEB 12 AM 10: 10

---

**OFFENSE CHARGED**

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHED SHEET

**DEFENDANT - U.S.**

▶ GREG ANDERSON

DISTRICT COURT NUMBER

CR  04  0044  SI

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)

SA JEFF NOVITZKY, IRS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    } If "Yes" give date filed

Month/Day/Year

**DATE OF ARREST**

Or... if Arresting Agency & Warrant were not

Month/Day/Year

**DATE TRANSFERRED TO U.S. CUSTODY**

---

Name and Office of Person Furnishing Information on THIS FORM

KEVIN V. RYAN

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)

AUSA JEFF NEDROW

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: NONE

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

**Counts Nine to Seventeen–Distributing in interstate commerce, with the intent to defraud and mislead, misbranded drugs (21 U.S.C. Sections 331(a) and 333(a)(2))**

Defendants:   Count 9: Victor Conte, James Valente, Greg Anderson
                      Count 10: Victor Conte, James Valente
                      Count 11: Victor Conte, James Valente, Greg Anderson
                      Count 12: Victor Conte, James Valente, Greg Anderson
                      Count 13: Victor Conte, James Valente, Greg Anderson
                      Count 14: Victor Conte, James Valente, Greg Anderson
                      Count 15: Victor Conte, James Valente, Greg Anderson
                      Count 16: Victor Conte, James Valente
                      Count 17: Victor Conte, James Valente

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Counts Eighteen to Thirty-One–Misbranded drugs held for sale with intent to defraud and mislead  (21 U.S.C. Sections 331(k) and 333(a)(2))**

Defendants:   Count 18: Victor Conte, James Valente, Remi Korchemny
                      Count 19: Victor Conte, James Valente
                      Count 20: Victor Conte, James Valente, Remi Korchemny
                      Count 21: Victor Conte, James Valente, Remi Korchemny
                      Count 22: Victor Conte, James Valente, Remi Korchemny
                      Count 23: Victor Conte, James Valente
                      Count 24: Greg Anderson
                      Count 25: Victor Conte, James Valente, Remi Korchemny
                      Count 26: Victor Conte, James Valente, Remi Korchemny
                      Count 27: Victor Conte, James Valente, Remi Korchemny
                      Count 29: Greg Anderson
                      Count 30: Victor Conte, James Valente, Remi Korchemny
                      Count 31: Victor Conte, James Valente, Greg Anderson

Penalties for each count:

Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

PENALTY SHEET–UNITED STATES V. VICTOR CONTE ET AL

**Count One–Conspiracy to Possess Anabolic Steroids With Intent To Distribute (21 U.S.C. Section 846)**

**Defendants:** **Victor Conte, James Valente, Greg Anderson, Remi Korchemny**

Penalties:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Counts Two through Seven--Possession With Intent to Distribute Anabolic Steroids; Aiding And Abetting (21 U.S.C. § 841(a)(1))**

**Defendants: Count 2: Victor Conte, James Valente,  Remi Korchemny**
**Count 3: Victor Conte, James Valente, Greg Anderson**
**Count 4: Victor Conte, James Valente**
**Count 5: Victor Conte, James Valente, Remi Korchemny**
**Count 6: Victor Conte, James Valente, Greg Anderson**
**Count 7: Victor Conte, James Valente, Greg Anderson**

Penalties for each Count:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Count Eight--Conspiracy to defraud the United States (18 U.S.C. Section 371)**

Penalty:

Maximum Five Years Imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Counts 32-35--Distribution and Possession with intent to distribute human growth hormone for unauthorized uses**
**(21 U.S.C. § 333(e)(1))**

**Defendants: Count 32: Victor Conte, James Valente**
**Count 33: Victor Conte, James Valente**
**Count 34: Greg Anderson**
**Count 35: Greg Anderson**

Penalties for each count

Maximum Five Years Imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Count 36**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. Section 1956(h))**

**Defendants: Conte, Valente, and Anderson**

Penalty:     Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

**Counts 37-42–Money Laundering**
**(18 U.S.C. Section 1956(a)(1)(b)(i))**

Penalty for each count:

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

**Criminal Forfeiture Allegations:**

Forfeiture penalty:

Forfeiture of proceeds of drug trafficking and proceeds subject of money laundering conduct



1   KEVIN V. RYAN (CSBN 118321)
    United States Attorney

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION                    **SI**

11

12   UNITED STATES OF AMERICA,        **CR** CR No.:      **0044**

13            Plaintiff,           )   VIOLATIONS: 21 U.S.C. §§ 846 and
                                   )   841(b)(1)(D)--Conspiracy to Distribute and
14       v.                        )   Possess With Intent to Distribute Anabolic
                                   )   Steroids;  21 U.S.C. §§ 841(a)(1) and
15   VICTOR CONTE, JR.,            )   (b)(1)(D)--Possession With Intent To
     JAMES VALENTE,                )   Distribute Anabolic Steroids; 18 U.S.C. §
16   GREG ANDERSON, and            )   371 and 21 U.S.C. §§ 331(a), 331(k), and
     REMI KORCHEMNY,               )   333(a)(2)--Conspiracy to Defraud the United
17                                 )   States Through The Introduction and
                                   )   Delivery of Misbranded Drugs With Intent
18            Defendants.          )   To Defraud and Mislead, And The
                                   )   Misbranding Of Drugs Held For Sale With
19   _____)   Intent To Defraud and Mislead; 21 U.S.C.
                                       §§ 331(a) and 333(a)(2)--Introduction and
20                                     Delivery of Misbranded Drugs With Intent
                                       To Defraud And Mislead; 21 U.S.C. §§
21                                     331(k) and 333(a)(2)--Misbranding Of
                                       Drugs Held For Sale With Intent To Defraud
22                                     And Mislead; 21 U.S.C. § 333(e)(1)--
                                       Possession With Intent To Distribute Human
23                                     Growth Hormone; 18 U.S.C. § 1956(h)--
                                       Conspiracy To Launder Monetary
24                                     Instruments; 18 U.S.C. § 1956(a)(1)(b)(i)--
                                       Money Laundering; 18 U.S.C. § 2--Aiding
25                                     and Abetting and Willfully Causing; 18
                                       U.S.C. § 982 and 21 U.S.C. §§ 853 and 881-
26                                     -Criminal Forfeiture

27                                     SAN FRANCISCO VENUE

28
                           I N D I C T M E N T

     INDICTMENT

1    The Grand Jury charges:

2                          INTRODUCTORY ALLEGATIONS

3    At all times relevant to this Indictment:

4        1.   The Bay Area Lab Co-Operative ("Balco") was a blood-testing laboratory located in

5    Burlingame, California.

6        2.   SNAC System, Incorporated ("SNAC") was a nutritional supplement company

7    operated by Victor Conte, Jr. out of Balco's office space in Burlingame, California.

8        3.   Defendant Victor Conte, Jr. ("Conte") was the president and chief executive officer of

9    Balco.  While operating Balco, Conte and others conspired to distribute performance-enhancing

10   drugs, including anabolic steroids, human growth hormone ("HGH"), erythropoietin ("EPO"),

11   modafinil, and various other prescription drugs, to dozens of professional athletes.

12       4.   Defendant James Valente ("Valente") was the vice-president of Balco.  In his role as

13   vice-president, Valente aided Conte in the distribution of performance-enhancing drugs to

14   professional athletes.

15       5.   Defendant Greg Anderson ("Anderson") was a personal trainer in the Burlingame area

16   who purchased performance-enhancing drugs from Balco and distributed them to professional

17   athletes.

18       6.   Defendant Remi Korchemny ("Korchemny") was a track coach working in the San

19   Francisco Bay Area who acquired performance-enhancing drugs from Conte and provided them

20   to track athletes.

21       7.  Under the Federal Food, Drug, and Cosmetic Act (FDCA), drugs were defined as

22   articles intended for use in the cure, mitigation, treatment, or prevention of disease in man (21

23   U.S.C. §321(g)(1)(B)); articles intended to affect the structure or function of the body of man (21

24   U.S.C. §321(g)(1)(C)); and articles intended for use as components of other drugs (21 U.S.C.

25   § 321(g)(1)(D)).  A drug intended for use in man which, because of its toxicity, or other

26   potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its

27   use, was not safe for use except under the supervision of a practitioner licensed by law to

28   administer such drug; and a drug which was limited by an approved application under 21 U.S.C.

INDICTMENT                                 2

1   § 355 to use under the professional supervision of a practitioner licensed by law to administer

2   such drug, could only be dispensed by a practitioner licensed by law pursuant to a lawful

3   prescription. 21 U.S.C. § 353(b)(1). These drugs were commonly known as "prescription

4   drugs."

5       8. Under the FDCA, every person upon first engaging in the manufacture, preparation,

6   propagation, compounding, or processing of drugs in any establishment he or she owned or

7   operated was required to immediately register his or her name, places of business, and all such

8   establishments. 21 U.S.C. § 360(c). The terms "manufacture, preparation, propagation,

9   compounding, or processing" included repackaging or otherwise changing the container,

10  wrapper, or labeling of any drug in furtherance of the distribution of the drug from the original

11  place of manufacture to the person who makes the final sale to the ultimate consumer or user. 21

12  U.S.C. § 360(a)(1).

13      9. The term "labeling" was defined as all labels and other printed or graphic matter upon

14  any article or any of its containers or wrappers, or accompanying such article. 21 U.S.C.

15  § 321(m).

16      10. A drug was misbranded if, among other things:

17          a. its labeling was false or misleading in any particular (21 U.S.C. 352(a));

18          b. the drug was in package form and did not bear a label containing the name and

19          place of business of the manufacturer, packer, or distributor (21 U.S.C. § 352(b));

20          c. the labeling on the drug did not bear adequate directions for use (21 U.S.C. §

21          352(f)(1));

22          d. the labeling on the drug did not bear such adequate warnings against use in

23          those pathological conditions, and by children where its use may be dangerous to

24          health, and against unsafe dosage and methods and duration of administration and

25          application, in such manner and form, as were necessary for the protection of

26          users (21 U.S.C. § 352(f)(2 ));

27          e. the drug was dangerous to health when used in the dosage and manner and with

28          the frequency and duration prescribed, recommended, and suggested in the

INDICTMENT                          3

1    labeling thereof (21 U.S.C. § 352(j)); or

2        f. the drug was a prescription drug dispensed without a prescription (21 U.S.C.

3        § 353(b)(1)).

4    11. The term "human growth hormone" meant somatrem, somatropin, or an analogue of

5    either somatrem or somatropin. 21 U.S.C. § 333(e)(4). Somatropin was a synthetic or naturally

6    occurring growth hormone from the human pituitary gland. Somatrem was an analogue of

7    somatropin.

8        12. The term "anabolic steroid" meant any drug or hormonal substance, chemically and

9    pharmacologically related to testosterone (other than estrogens, progestins, and corticosteroids)

10   that promoted muscle growth, and included testosterone and nandrolone and their analogues. 21

11   U.S.C. § 802(41)(A).

12   <u>COUNT ONE</u>: (21 U.S.C. §§ 846 and 841(b)(1)(D) -- Conspiracy to Distribute and Possess
         With Intent To Distribute Anabolic Steroids)

13

14       13. Paragraphs One Through Twelve are hereby realleged and incorporated by reference

     as if set forth in full herein.
15

16       14. On or about and between December 1, 2001, and September 3, 2003, in San Mateo

     County, in the Northern District of California, and elsewhere, the defendants
17

18                        VICTOR CONTE, JR.,
                          JAMES VALENTE,
                          GREG ANDERSON, and
19                        REMI KORCHEMNY,

20   and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to

21   distribute and possess with intent to distribute a Schedule III controlled substance, to wit: the

22   anabolic steroid testosterone, in violation of Title 21, United States Code Sections 841(a)(1) and

23   841(b)(1)(D).

24              OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

25       15. In furtherance of the conspiracy and to attain its ends, the defendants committed the

26   following overt acts, among others, in the Northern District of California and elsewhere:

27       a. On or about December 1, 2001, in San Mateo County, defendants Conte,

28   Valente and Korchemny distributed the anabolic steroid testosterone to a track and field athlete.

INDICTMENT                          4

b. On or about February 1, 2002, in San Mateo County, defendants Conte, Valente and Anderson distributed the anabolic steroid testosterone to a professional baseball player.

c. On or about April 1, 2002, in San Mateo County, defendants Conte and Valente distributed the anabolic steroid testosterone to a professional football player.

d. On or about September 1, 2002, in San Mateo County, defendants Conte, Valente and Korchemny distributed the anabolic steroid testosterone to a track and field athlete.

e. On or about January 1, 2003, in San Mateo County, defendants Conte, Valente and Anderson distributed the anabolic steroid testosterone to a professional baseball player.

f. On or about June 1, 2003, in San Mateo County, defendants Conte and Valente distributed the anabolic steroid testosterone to a professional football player.

All in violation of Title 21, United States Code, Section 846.

COUNT TWO:  (21 U.S.C. §§ 841(a)(1) and (b)(1)(D); 18 U.S.C. § 2--Possession With Intent To Distribute Anabolic Steroids; Aiding and Abetting)

16. On or about December 1, 2001, in San Mateo County, in the Northern District of California, the defendants

VICTOR CONTE,
JAMES VALENTE, and
REMI KORCHEMNY

did knowingly and intentionally possess with intent to distribute a Schedule III controlled substance, to wit: the anabolic steroid testosterone, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.

COUNT THREE:  (21 U.S.C. §§ 841(a)(1) and (b)(1)(D);18 U.S.C. § 2--Possession With Intent To Distribute Anabolic Steroids; Aiding and Abetting)

17. On or about February 1, 2002, in San Mateo County, in the Northern District of California, the defendants

VICTOR CONTE, JR.,
JAMES VALENTE, and
GREG ANDERSON

did knowingly and intentionally possess with intent to distribute a Schedule III controlled substance, to wit: the anabolic steroid testosterone, in violation of Title 21, United States Code,

INDICTMENT                                    5

1  Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.

2  COUNT FOUR:  (21 U.S.C. §§ 841(a)(1) and (b)(1)(D); 18 U.S.C. § 2--Possession With Intent
            To Distribute Anabolic Steroids; Aiding and Abetting)

3

4      18.  On or about April 1, 2002, in San Mateo County, in the Northern District of

California, the defendants

5
6                          VICTOR CONTE, JR., and
                           JAMES VALENTE

7  did knowingly and intentionally possess with intent to distribute a Schedule III controlled

8  substance, to wit: the anabolic steroid testosterone, in violation of Title 21, United States Code,

9  Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.

10  COUNT FIVE:  (21 U.S.C. §§ 841(a)(1) and (b)(1)(D); 18 U.S.C. § 2--Possession With Intent
            To Distribute Anabolic Steroids; Aiding and Abetting)

11
       19.  On or about September 1, 2002, in San Mateo County, in the Northern District of

12  California, the defendants

13
                           VICTOR CONTE, JR.,
14                         JAMES VALENTE, and
                           REMI KORCHEMNY

15
   did knowingly and intentionally possess with intent to distribute a Schedule III controlled
16
   substance, to wit: the anabolic steroid testosterone, in violation of Title 21, United States Code,
17
   Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.
18
   COUNT SIX:     (21 U.S.C. §§ 841(a)(1) and (b)(1)(D); 18 U.S.C. § 2–Possession With Intent
19                To Distribute Anabolic Steroids; Aiding and Abetting)

20      20.  On or about January 1, 2003, in San Mateo County, in the Northern District of

21  California, the defendants

22                         VICTOR CONTE, JR.,
                           JAMES VALENTE, and
23                         GREG ANDERSON

24  did knowingly and intentionally possess with intent to distribute a Schedule III controlled

25  substance, to wit: the anabolic steroid testosterone, in violation of Title 21, United States Code,

26  Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.

27  //

28  //


INDICTMENT                                6

COUNT SEVEN: (21 U.S.C. §§ 841(a)(1) and (b)(1)(D); 18 U.S.C. § 2--Possession With Intent To Distribute Anabolic Steroids; Aiding and Abetting)

21. On or about June 1, 2003, in San Mateo County, in the Northern District of California, the defendants

VICTOR CONTE, JR.,<br>
JAMES VALENTE, and<br>
GREG ANDERSON

did knowingly and intentionally possess with intent to distribute a Schedule III controlled substance, to wit: the anabolic steroid testosterone, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and Title 18, United States Code, Section 2.

COUNT EIGHT:   (18 U.S.C. § 371--Conspiracy To Defraud The United States)

22. Paragraphs One Through Twelve are hereby realleged and incorporated by reference as if set forth in full herein.

CONSPIRACY TO DEFRAUD

23. On or about and between September 1, 2000, and September 3, 2003, in San Mateo County, in the Northern District of California, and elsewhere, the defendants

VICTOR CONTE, JR.,<br>
JAMES VALENTE,<br>
GREG ANDERSON, and<br>
REMI KORCHEMNY,

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to defraud the United States, that is the defendants conspired to:

    a. introduce and deliver for introduction into interstate commerce, with the intent to defraud and mislead, misbranded drugs,  in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2); and

    b. misbrand a drug while it was held for sale, after receiving it in interstate commerce, with the intent to defraud and mislead in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2).

MANNER AND MEANS OF THE CONSPIRACY

24. It was part of the conspiracy to defraud that defendants Conte, Valente, Anderson, and Korchemny knowingly distributed to professional athletes an anabolic steroid in the form of a testosterone-based cream, a/k/a "The Cream," without adequate directions regarding its use in its labeling.  The anabolic steroid had been mixed with an epitestosterone cream prior to its

INDICTMENT                                  7

1 distribution to athletes specifically with the intention of balancing the user's

2 testosterone/epitestosterone ratio, thus concealing the individual athlete's elevated testosterone

3 level from drug testing.

4      25. It was further part of the conspiracy to defraud that defendants Conte, Valente,

5 Anderson, and Korchemny knowingly distributed to athletes a liquid drug "The Clear," a/k/a

6 tetrahydragestrinone, a/k/a "THG," without adequate directions regarding its use in its labeling,

7 and recommended the substance to athletes as a "designer steroid," or "steroid-like derivative,"

8 which would provide "steroid-like" effects without causing the athlete to test positive for

9 steroids.

10      26. It was further part of the conspiracy to defraud that defendants Conte, Valente,

11 Anderson, and Korchemny knowingly distributed to athletes a prescription drug, human growth

12 hormone a/k/a "HGH", without a valid prescription and for a purpose other than treatment of a

13 disease or recognized medical condition for which its use had been authorized by the Secretary of

14 the Department of Health and Human Services.

15      27. It was further part of the conspiracy to defraud that defendants Conte, Valente, and

16 Korchemny knowingly dispensed to athletes a prescription drug, erythropoietin a/k/a/ "EPO"

17 without a valid prescription and for the purpose of affecting the function of the body, to wit:

18 increasing the red cell count in the bloodstream.

19      28. It was further a part of the conspiracy to defraud that defendants Conte, Valente, and

20 Korchemny knowingly dispensed to athletes the prescription drug modafinil without a valid

21 prescription and for the purpose of affecting the function of the body, to wit: increasing

22 wakefulness and the ability to focus and think clearly.

23      29. It was further a part of the conspiracy to defraud that in connection with the

24 distribution and dispensing of drugs described in paragraphs 24-28 above, the defendants Conte,

25 Valente, Anderson, and Korchemny attempted to conceal their illegal activities from the Food

26 and Drug Administration and law enforcement through the following techniques:

27          a. using false names on the mailing labels of packages containing drugs;

28          b. trafficking specifically in drugs which were either designed to avoid
           detection as controlled substances or substances for which no accurate testing

INDICTMENT         8

procedure existed;

c. referring to drugs in correspondence and conversation by shorthand abbreviations and codes, such as "The Cream," "C," "The Clear," "Liquid," "L," "G," "E," "P," and "Vitamin S;"

d. dispensing "The Cream" and "The Clear" in plain unlabeled plastic bottles without any directions for the use of the product, or information on the nature of the substance;

e. informing the athletes receiving the substances of the need to be careful and secretive regarding their use of the drugs;

f. providing athletes with false cover stories regarding the nature of the drugs to provide to authorities; and

g. entering into agreements with athletes by which athletes provided endorsements for ZMA, a nutritional supplement sold by Conte, in exchange for drugs, thus disguising a portion of the proceeds otherwise traceable to Conte.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

30.  In furtherance of the conspiracy and to attain its ends, the defendants committed the following overt acts, among others, in the Northern District of California and elsewhere:

a. On or about April 23, 2001, in San Mateo County, defendants Conte, Valente, and Korchemny distributed "Clear," "HGH," and "EPO" to a track and field athlete without a valid prescription from a licensed practitioner.

b. On or about July 23, 2001, in San Mateo County, defendants Conte, Valente, and Korchemny distributed "Clear," "HGH," and "EPO" to a professional track and field athlete without a valid prescription from a licensed practitioner.

c. On or about November 5, 2001, in San Mateo County, defendant Anderson distributed "HGH" to a professional baseball player without a valid prescription from a licensed practitioner.

d. On or about December 1, 2001, in San Mateo County, defendants Conte, Valente, and Korchemny distributed "Cream" and "Clear" to a track and field athlete without a valid prescription from a licensed practitioner.

e. On or about February 1, 2002, in San Mateo County, defendants Conte, Valente, and Anderson distributed "Cream" to a professional baseball player without a valid prescription from a licensed practitioner.

INDICTMENT                                              9

1     f. On or about April 1, 2002, in San Mateo County, defendants Conte and

2 Valente distributed "Cream" to a professional football player without a valid prescription from a

3 licensed practitioner.

4     g. On or about June 11, 2002, in San Mateo County, defendants Conte, Valente,

5 and Korchemny distributed modafinil to a track and field athlete without a valid prescription from

6 a licensed practitioner.

7     h. On or about July 13, 2002, in San Mateo County, defendants Conte, Valente,

8 and Anderson distributed "Clear" to a professional baseball player without a valid prescription

9 from a licensed practitioner.

10     i. On or about September 1, 2002, in San Mateo County, defendants Conte and

11 Korchemny distributed "Cream" to a track and field athlete without a valid prescription from a

12 licensed practitioner.

13     j. On or about November 25, 2002, in San Mateo County, defendant Anderson

14 distributed "HGH" to a professional baseball player without a valid prescription from a licensed

15 practitioner.

16     k. On or about January 1, 2003, in San Mateo County, defendants Conte, Valente,

17 and Anderson distributed "Cream" and "Clear" to a professional baseball player without a valid

18 prescription from a licensed practitioner.

19     l. On or about January 24, 2003, in San Mateo County, defendants Conte,

20 Valente, and Anderson distributed "Clear" to a professional baseball player without a valid

21 prescription from a licensed practitioner.

22     m. On or about March 5, 2003, in San Mateo County, defendants Conte, Valente,

23 and Anderson distributed "Clear" to a professional football player without a valid prescription

24 from a licensed practitioner.

25     n. On or about June 1, 2003, in San Mateo County, defendants Conte and

26 Korchemny distributed "EPO" to a track and field athlete without a valid prescription from a

27 licensed practitioner.

28     o. On or about June 1, 2003, in San Mateo County, defendants Conte and Valente

INDICTMENT         10

1  distributed "Cream" to a professional football player without a valid prescription from a licensed

2  practitioner.

3              p. On or about July 3, 2003, in San Mateo County, defendants Conte and Valente

4  distributed "Clear" and modafinil to a track and field athlete without a valid prescription from a

5  licensed practitioner.

6       All in violation of Title 18, United States Code, Section 371.

7  COUNT NINE: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2-- Introduction/Delivery for
               Introduction of Misbranded Drugs With Intent To Defraud And Mislead; Aiding

8                 and Abetting)

9       31. On or about February 1, 2002, in San Mateo County, in the Northern District of

10 California, the defendants

                           VICTOR CONTE, JR.,

11                           JAMES VALENTE, and
                          GREG ANDERSON

12
did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate

13
commerce a drug they described as "The Cream," an anabolic steroid in the form of a

14
testosterone-based cream, which was misbranded:

15
       a) as defined in 21 U.S.C. § 352(b), in that the drug was in package form and did

16           not bear a label containing the name and place of business of the manufacturer,
          packer, or distributor; and

17
       b) as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate

18           directions for use, and also failed to bear adequate warnings against its use in
          those pathological conditions or by children whereby its use might be

19           dangerous to health, or against unsafe dosage or methods or duration of
          administration or application.

20
     All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18,

21
United States Code, Section 2.

22
COUNT TEN: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2–Introduction/Delivery for

23               Introduction of Misbranded Drugs With Intent To Defraud And Mislead;
              Aiding and Abetting)

24
     32. On or about April 1, 2002, in San Mateo County, in the Northern District of

25
California, the defendants

26
                          VICTOR CONTE, JR., and

27                           JAMES VALENTE

28 did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate

INDICTMENT            11

1    commerce a drug they described as "The Cream," an anabolic steroid in the form of a

2    testosterone-based cream, which was misbranded:

3         a)  as defined in 21 U.S.C. § 352(b), in that the drug was in package form and
             did not bear a label containing the name and place of business of the
4             manufacturer, packer, or distributor; and

5         b)  as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
             directions for use, and also failed to bear adequate warnings against its use in
6             those pathological conditions or by children whereby its use might be
             dangerous to health, or against unsafe dosage or methods or duration of
7             administration or application.

8         All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title

9    18, United States Code, Section 2.

10   COUNT ELEVEN: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2--Introduction/Delivery
                   For Introduction of Misbranded Drugs With Intent To Defraud And
11                 Mislead; Aiding and Abetting)

12        33.  On or about July 13, 2002, in San Mateo County, in the Northern District of

13   California, the defendants

14                          VICTOR CONTE, JR.,
                            JAMES VALENTE, and
15                          GREG ANDERSON

16   did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate

17   commerce a drug they described as "The Clear," also known as tetrahydragestrinone, a/k/a

18   "THG," which was misbranded:

19        a)  as defined in 21 U.S.C. § 352(b), in that the drug was in package form and did
             not bear a label containing the name and place of business of the manufacturer,
20            packer, or distributor; and

21        b)  as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
             directions for use, and also failed to bear adequate warnings against its use in
22            those pathological conditions or by children whereby its use might be
             dangerous to health, or against unsafe dosage or methods or duration of
23            administration or application.

24        All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title

25   18, United States Code, Section 2.

26   //

27   //

28   //

INDICTMENT                              12

1   COUNT TWELVE: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2–
            Introduction/Delivery For Introduction of Misbranded Drugs With Intent
2            To Defraud And Mislead; Aiding and Abetting)

3       34. On or about January 1, 2003, in San Mateo County, in the Northern District of

4   California, the defendants

5                           VICTOR CONTE, JR.,
                            JAMES VALENTE, and
6                           GREG ANDERSON

7   did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate

8   commerce a drug they described as "The Cream," an anabolic steroid in the form of a

9   testosterone-based cream, which was misbranded:

10           a) as defined in 21 U.S.C. § 352(b), in that the drug was in package form and  did
                not bear a label containing the name and place of business of the manufacturer,
11               packer, or distributor; and

12           b) as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
                directions for use, and also failed to bear adequate warnings against its use in
13               those pathological conditions or by children whereby its use might be
                 dangerous to health, or against unsafe dosage or methods or duration of
14               administration or application.

15      All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title

16  18, United States Code, Section 2.

17  COUNT THIRTEEN: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2--Introduction/Delivery
            For Introduction of Misbranded Drugs With Intent To Defraud And
18           Mislead; Aiding and Abetting)

19      35. On or about January 1, 2003, in San Mateo County, in the Northern District of

20  California, the defendants

21                          VICTOR CONTE, JR.,
                            JAMES VALENTE, and
22                          GREG ANDERSON

23  did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate

24  commerce a drug they described as "The Clear," also known as tetrahydragestrinone, a/k/a

25  "THG," which was misbranded:

26           a) as defined in 21 U.S.C. § 352(b), in that the drug was in package form and did
                not bear a label containing the name and place of business of the manufacturer,
27               packer, or distributor; and

28           b) as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
                directions for use, and also failed to bear adequate warnings against its use in

INDICTMENT                          13

1    those pathological conditions or by children whereby its use might be
     dangerous to health, or against unsafe dosage or methods or duration of
2    administration or application.

3        All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title

4    18, United States Code, Section 2.

5    COUNT FOURTEEN: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2–
                Introduction/Delivery For Introduction of Misbranded Drugs With Intent
6               To Defraud And Mislead; Aiding and Abetting)

7        36.  On or about January 24, 2003, in San Mateo County, in the Northern District of

8    California, the defendants

9                    VICTOR CONTE, JR.,
                     JAMES VALENTE, and
10                   GREG ANDERSON

11   did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate

12   commerce a drug described as "The Clear," also known as tetrahydragestrinone, a/k/a "THG,"

13   which was misbranded:

14         a)  as defined in 21 U.S.C. § 352(b), in that the drug was in package form and did
              not bear a label containing the name and place of business of the manufacturer,
15            packer, or distributor; and

16         b)  as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
              directions for use, and also failed to bear adequate warnings against its use in
17            those pathological conditions or by children whereby its use might be
              dangerous to health, or against unsafe dosage or methods or duration of
18            administration or application.

19       All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title

20   18, United States Code, Section 2.

21   COUNT FIFTEEN: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2–
                Introduction/Delivery For Introduction of Misbranded Drugs With Intent
22              To Defraud And Mislead; Aiding and Abetting)

23       37.  On or about March 5, 2003, in San Mateo County, in the Northern District of

24   California, the defendants

25                   VICTOR CONTE, JR.,
                     JAMES VALENTE, and
26                   GREG ANDERSON

27   did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate

28   commerce a drug they described as "The Clear," also known as tetrahydragestrinone, a/k/a

INDICTMENT                14

1    "THG," which was misbranded:

2        a) as defined in 21 U.S.C. § 352(b), in that the drug was in package form and did
             not bear a label containing the name and place of business of the manufacturer,
3             packer, or distributor; and

4        b) as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
             directions for use, and also failed to bear adequate warnings against its use in
5             those pathological conditions or by children whereby its use might be
             dangerous to health, or against unsafe dosage or methods or duration of
6             administration or application.

7        All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title

8    18, United States Code, Section 2.

9    COUNT SIXTEEN: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2--Introduction/Delivery
                     For Introduction of Misbranded Drugs With Intent To Defraud And
10                    Mislead; Aiding and Abetting)

11       38. On or about June 1, 2003, in San Mateo County, in the Northern District of

12   California, the defendants

13                               VICTOR CONTE, JR. and
                                 JAMES VALENTE
14
     did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate
15
     commerce a drug they described as "The Cream," an anabolic steroid in the form of a
16
     testosterone-based cream, which was misbranded:
17
         a) as defined in 21 U.S.C. § 352(b), in that the drug was in package form and did
18            not bear a label containing the name and place of business of the manufacturer,
              packer, or distributor; and
19
         b) as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
20            directions for use, and also did not bear adequate warnings against its use in
              those pathological conditions or by children whereby its use might be
21            dangerous to health, or against unsafe dosage or methods or duration of
              administration or application.
22
         All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title
23
     18, United States Code, Section 2.
24

25   //

26   //

27   //

28   //


INDICTMENT                              15

1  COUNT SEVENTEEN: (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2–
           Introduction/Delivery For Introduction of Misbranded Drugs
2                With Intent To Defraud And Mislead; Aiding and Abetting)

3        39.  On or about July 3, 2003, in San Mateo County, in the Northern District of

4  California, the defendants

5                          VICTOR CONTE, JR., and
                             JAMES VALENTE
6
   did, with the intent to defraud and mislead, introduce and deliver for introduction into interstate
7
   commerce a drug they described as "The Clear," also known as tetrahydragestrinone, a/k/a THG,
8
   which was misbranded:
9
                 a)  as defined in 21 U.S.C. § 352(b), in that the drug was in package form and did
10                    not bear a label containing the name and place of business of the manufacturer,
                      packer, or distributor; and
11
                 b)  as defined in 21 U.S.C. § 352(f), in that its labeling failed to bear adequate
12                    directions for use, and also failed to bear adequate warnings against its use in
                      those pathological conditions or by children whereby its use might be
13                    dangerous to health, or against unsafe dosage or methods or duration of
                      administration or application.
14
        All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title
15
   18, United States Code, Section 2.
16
   COUNT EIGHTEEN: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding
17              Of A Drug While Held For Sale With Intent To Defraud And Mislead;
                Aiding and Abetting)
18
        40.  On or about April 23, 2001, in San Mateo County, in the Northern District of
19
   California, the defendants
20
                          VICTOR CONTE, JR.,
21                         JAMES VALENTE, and
                           REMI KORCHEMNY
22
   did, with the intent to defraud and mislead, dispense a prescription drug, specifically, the drug
23
   they described as "The Clear," also known as tetrahydragestrinone, a/k/a "THG," to a consumer
24
   without the valid prescription of a licensed practitioner, which is deemed an act which resulted in
25
   the drug being misbranded while held for sale after shipment in interstate commerce pursuant to
26
   21 U.S.C. § 353(b)(1), in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2),
27
   and Title 18, United States Code, Section 2.
28

   INDICTMENT                              16

1   COUNT NINETEEN: (21 U.S.C. §§331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding Of
2                  Drug Held For Sale With Intent To Defraud And Mislead;
                  Aiding and Abetting)

3      41. On or about April 23, 2001, in San Mateo County, in the Northern District of

4 California, the defendants

5                      VICTOR CONTE, JR., and
6                       JAMES VALENTE

7 did, with the intent to defraud and mislead, dispense a prescription drug, specifically, human

8 growth hormone, a/k/a "HGH," to a consumer without the valid prescription of a licensed

9 practitioner, which is deemed an act which resulted in the drug being misbranded while held for

10 sale after shipment in interstate commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title

11 21, United States Code, Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section

12 2.

13   COUNT TWENTY: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding Of a
                Drug While Held For Sale With Intent To Defraud And Mislead;
14                 Aiding and Abetting)

15      42. On or about April 23, 2001, in San Mateo County, in the Northern District of

16 California, the defendants

17                      VICTOR CONTE, JR.,
                     JAMES VALENTE, and
18                      REMI KORCHEMNY

19 did, with the intent to defraud and mislead, dispense a prescription drug, specifically,

20 erythropoietin, a/k/a "EPO," to a consumer without the valid prescription of a licensed

21 practitioner, which is deemed an act which resulted in the drug being misbranded while held for

22 sale after shipment in interstate commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title

23 21, United States Code, Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section

24 2.

25 //

26 //

27 //

28 //

INDICTMENT                   17

1  COUNT TWENTY-ONE: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding
       Of a Drug While Held For Sale With Intent To Defraud And
2       Mislead; Aiding and Abetting)

3       43. On or about July 23, 2001, in San Mateo County, in the Northern District of

4  California, the defendants

5                          VICTOR CONTE, JR.,
                           JAMES VALENTE, and
6                          REMI KORCHEMNY

7  did, with the intent to defraud and mislead, dispense a prescription drug, specifically, the drug

8  they described as "The Clear," also known as tetrahydragestrinone, a/k/a "THG," to a consumer

9  without the valid prescription of a licensed practitioner, which is deemed an act which resulted in

10 the drug being misbranded while held for sale after shipment in interstate commerce pursuant to

11 21 U.S.C. § 353(b)(1), in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2),

12 and Title 18, United States Code, Section 2.

13 COUNT TWENTY-TWO: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding
       Of Drug Held For Sale With Intent To Defraud And Mislead;
14      Aiding and Abetting)

15      44. On or about July 23, 2001, in San Mateo County, in the Northern District of

16 California, the defendants

17                         VICTOR CONTE, JR.,
                           JAMES VALENTE, and
18                         REMI KORCHEMNY

19 did, with the intent to defraud and mislead, dispense a prescription drug, specifically,

20 erythropoietin, a/k/a "EPO," to a consumer without the valid prescription of a licensed

21 practitioner, which is deemed an act which resulted in the drug being misbranded while held for

22 sale after shipment in interstate commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title

23 21, United States Code, Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section

24 2.

25 //

26 //

27 //

28 //

INDICTMENT                              18

1    COUNT TWENTY-THREE: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding
                          Of Drug Held For Sale With Intent To Defraud And Mislead;
2                         Aiding and Abetting)

3        45. On or about July 23, 2001, in San Mateo County, in the Northern District of

4    California, the defendants

5                              VICTOR CONTE, JR., and
                               JAMES VALENTE
6
     did, with the intent to defraud and mislead, dispense a prescription drug, specifically, human
7
     growth hormone, a/k/a "HGH," to a consumer without the valid prescription of a licensed
8
     practitioner, which is deemed an act which resulted in the drug being misbranded while held for
9
     sale after shipment in interstate commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title
10
     21, United States Code, Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section
11
     2.
12
     COUNT TWENTY-FOUR: (21 U.S.C. §§ 331(k) and 333(a)(2)--Misbranding of Drugs While
13                          Held  For Sale With Intent To Defraud And Mislead)

14       46. On or about November 5, 2001, in San Mateo County, in the Northern District of

15   California, the defendant

16                              GREG ANDERSON

17   did, with the intent to defraud and mislead, dispense a prescription drug, specifically, human

18   growth hormone, a/k/a "HGH," to a consumer without the valid prescription of a licensed

19   practitioner, which is deemed an act which resulted in the drug being misbranded while held for

20   sale after shipment in interstate commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title

21   21, United States Code, Sections 331(k) and 333(a)(2).

22   COUNT TWENTY-FIVE: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding
                         Of Drug While Held For Sale With Intent To Defraud And
23                       Mislead; Aiding and Abetting)

24       47. On or about December 1, 2001, in San Mateo County, in the Northern District of

25   California, the defendants
                               VICTOR CONTE, JR.,
26                             JAMES VALENTE, and
                               REMI KORCHEMNY
27
     did, with the intent to defraud and mislead, dispense a prescription drug, specifically, the drug
28
     they described as "The Clear," also known as tetrahydragestrinone, a/k/a "THG," to a consumer

     INDICTMENT                              19

1  without the valid prescription of a licensed practitioner, which is deemed an act which resulted in

2  the drug being misbranded while held for sale after shipment in interstate commerce pursuant to

3  21 U.S.C. § 353(b)(1), in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2),

4  and Title 18, United States Code, Section 2.

5  COUNT TWENTY-SIX: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding
   Of Drug While Held For Sale With Intent To Defraud And Mislead;
6  Aiding and Abetting)

7      48. On or about December 1, 2001, in San Mateo County, in the Northern District of

8  California, the defendants

9                              VICTOR CONTE, JR.,
                              JAMES VALENTE, and
10                             REMI KORCHEMNY

11  did, with the intent to defraud and mislead, dispense a prescription drug, specifically, the drug

12  they described as "The Cream," an anabolic steroid in the form of a testosterone-based cream, to a

13  consumer without the valid prescription of a licensed practitioner, which is deemed an act which

14  resulted in the drug being misbranded while held for sale after shipment in interstate commerce

15  pursuant to 21 U.S.C. § 353(b)(1), in violation of Title 21, United States Code, Sections 331(k)

16  and 333(a)(2), and Title 18, United States Code, Section 2.

17  COUNT TWENTY-SEVEN: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding
   Of a Drug While Held For Sale With Intent To Defraud And
18  Mislead; Aiding and Abetting)

19      49. On or about June 11, 2002, in San Mateo County, in the Northern District of

20  California, the defendants

21                              VICTOR CONTE, JR.,
                              JAMES VALENTE, and
22                             REMI KORCHEMNY

23  did, with the intent to defraud and mislead, dispense a prescription drug, specifically, modafinil,

24  to a consumer without the valid prescription of a licensed practitioner, which is deemed an act

25  which resulted in the drug being misbranded while held for sale after shipment in interstate

26  commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title 21, United States Code,

27  Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section 2.

28  //

INDICTMENT                          20

1   COUNT TWENTY-EIGHT: (21 U.S.C. §§ 331(k) and 333(a)(2), and 18 U.S.C. § 2–
                        Misbranding Of a Drug While Held For Sale With Intent To
2                       Defraud And Mislead; Aiding and Abetting)

3       50.  On or about September 1, 2002, in San Mateo County, in the Northern District of

4   California, the defendants
                                    VICTOR CONTE, JR.,
5                                   JAMES VALENTE, and
                                    REMI KORCHEMNY
6
    did, with the intent to defraud and mislead, dispense a prescription drug, specifically, the drug
7
    they described as "The Cream," an anabolic steroid in the form of a testosterone-based cream,  to
8
    a consumer without the valid prescription of a licensed practitioner, which is deemed an act which
9
    resulted in the drug being misbranded while held for sale after shipment in interstate commerce
10
    pursuant to 21 U.S.C. § 353(b)(1),  in violation of Title 21, United States Code, Sections 331(k)
11
    and 333(a)(2), and Title 18, United States Code, Section 2.
12

13  COUNT TWENTY-NINE: (21 U.S.C. §§331(k) and 333(a)(2)--Misbranding of a Drug While
                        Held For Sale With Intent To Defraud And Mislead)
14
        51.  On or about November 25, 2002, in San Mateo County, in the Northern District of
15
    California, the defendant
16
                                    GREG ANDERSON
17
    did, with the intent to defraud and mislead, dispense a prescription drug, specifically, human
18
    growth hormone, a/k/a "HGH," to a consumer without the valid prescription of a licensed
19
    practitioner, which is deemed an act which resulted in the drug being misbranded while held for
20
    sale after shipment in interstate commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title
21
    21, United States Code, Sections 331(a) and 333(a)(2).
22
    COUNT THIRTY:  (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding Of
23                  A Drug While Held For Sale With Intent To Defraud And Mislead;
                    Aiding and Abetting)
24
        52.  On or about June 1, 2003, in San Mateo County, in the Northern District of
25
    California, the defendants
26
                                    VICTOR CONTE, JR.,
27                                  JAMES VALENTE, and
                                    REMI KORCHEMNY
28
    did, with the intent to defraud and mislead, dispense a prescription drug, specifically,

    INDICTMENT                          21

1   erythropoietin, a/k/a "EPO," to a consumer without the valid prescription of a licensed

2   practitioner, which is deemed an act which resulted in the drug being misbranded while held for

3   sale after shipment in interstate commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title

4   21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section

5   2.

6   COUNT THIRTY-ONE: (21 U.S.C. §§ 331(k) and 333(a)(2); 18 U.S.C. § 2--Misbranding of
                      A Drug While Held for Sale With Intent To Defraud And Mislead;
7                     Aiding and Abetting)

8       53. On or about July 3, 2003, in San Mateo County, in the Northern District of

9   California, the defendants

10                          VICTOR CONTE, JR.,
                            JAMES VALENTE, and
11                          GREG ANDERSON

12  did, with the intent to defraud and mislead, dispense a prescription drug, specifically, modafinil,

13  to a consumer without the valid prescription of a licensed practitioner, which is deemed an act

14  which resulted in the drug being misbranded while held for sale after shipment in interstate

15  commerce pursuant to 21 U.S.C. § 353(b)(1), in violation of Title 21, United States Code,

16  Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section 2.

17  COUNT THIRTY-TWO: (21 U.S.C. § 333(e)(1); 18 U.S.C. § 2-- Possession With Intent To
                       Distribute Human Growth Hormone For Unauthorized Uses;
18                     Aiding and Abetting)

19      54. On or about April 23, 2001, in San Mateo County, in the Northern District of

20  California, the defendants

21                          VICTOR CONTE, JR., and
                            JAMES VALENTE

22  did knowingly possess with intent to distribute human growth hormone, a/k/a "HGH," for a use in

23  humans other than the treatment of a disease or other recognized medical condition, where such

24  use had been authorized by the Secretary of Health and Human Services, and pursuant to the order

25  of a physician, in violation of Title 21, United States Code, Section 333(e)(1), and Title 18,

26  United States Code, Section 2.

27  //

28

INDICTMENT                          22

1   COUNT THIRTY-THREE: (21 U.S.C. § 333(e)(1); 18 U.S.C. § 2-- Possession With Intent To
2                                Distribute Human Growth Hormone For Unauthorized Uses;
                                 Aiding and Abetting)

3       55. On or about July 23, 2001, in San Mateo County, in the Northern District of

4   California, the defendants

5                               VICTOR CONTE, JR., and
                                JAMES VALENTE
6
    did knowingly possess with intent to distribute human growth hormone, a/k/a "HGH," for a use in
7
    humans other than the treatment of a disease or other recognized medical condition, where such
8
    use had been authorized by the Secretary of Health and Human Services, and pursuant to the order
9
    of a physician, in violation of Title 21, United States Code, Section 333(e)(1), and Title 18,
10
    United States Code, Section 2.
11
    COUNT THIRTY-FOUR: (21 U.S.C. § 333(e)(1)-- Possession With Intent To Distribute
12                             Human Growth Hormone For Unauthorized Uses)

13      56. On or about November 5, 2001, in San Mateo County, in the Northern District of

14  California, the defendant

15                              GREG ANDERSON

16  did knowingly possess with intent to distribute human growth hormone, a/k/a "HGH," for a use in

17  humans other than the treatment of a disease or other recognized medical condition, where such

18  use had been authorized by the Secretary of Health and Human Services, and pursuant to the order

19  of a physician, in violation of Title 21, United States Code, Section 333(e)(1).

20  COUNT THIRTY-FIVE: (21 U.S.C. § 333(e)(1)-- Possession With Intent to Distribute Human
                               Growth Hormone For Unauthorized Uses)
21
        57. On or about November 25, 2002, in San Mateo County, in the Northern District
22
    of California, the defendant
23
                                GREG ANDERSON
24
    did knowingly possess with intent to distribute human growth hormone, a/k/a "HGH," for a use in
25
    humans other than the treatment of a disease or other recognized medical condition, where such
26
    use had been authorized by the Secretary of Health and Human Services, and pursuant to the order
27
    of a physician, in violation of Title 21, United States Code, Section 333(e)(1).
28

INDICTMENT                          23

1 COUNT THIRTY-SIX: (18 U.S.C. § 1956(h)--Conspiracy to Launder Monetary Instruments)

2      58. The allegations contained in paragraphs One through Twelve and Counts One

3 through Seven of this Indictment are realleged and incorporated herein.

4      59. On or about and between December 1, 2001, and September 3, 2003, in San Mateo

5 County, in the Northern District of California, and elsewhere, the defendants

6
7
                         VICTOR CONTE, JR.,
                         JAMES VALENTE, and
                         GREG ANDERSON,

8 and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to

9 conduct financial transactions affecting interstate commerce which in fact involved the proceeds

10 of specified unlawful activity, that is, a conspiracy to distribute and possess with intent to

11 distribute anabolic steroids, a controlled substance, in violation of Title 21, United States Code,

12 Section 846, knowing that the transactions were designed at least in part to conceal and disguise

13 the nature, the location, the source, the ownership, and the control of the proceeds of the specified

14 unlawful activity, while knowing that the money involved in such financial transactions

15 represented the proceeds of some form of unlawful activity, in violation of Title 18, United States

16 Code, Section 1956(a)(1)(B)(i).

17                   MANNER AND MEANS OF THE CONSPIRACY

18      60. The manner and means by which the conspiracy was carried out included the

19 following:

20         a. From on or about December 1, 2001 through September 3, 2003, the

21 defendants engaged in specified unlawful activity, to wit, conspiring to distribute and possess with

22 intent to distribute anabolic steroids, as charged in Count One of the Indictment.

23         b. In order to conceal the proceeds of their unlawful activity, the defendants: (i)

24 segregated proceeds derived from the sale of anabolic steroids from normal business proceeds by

25 placing the criminal proceeds into a personal bank account; and (ii) used a third party to negotiate

26 checks written as payment for the purchase of anabolic steroids, rather than depositing the checks

27 as normal business proceeds.

28

INDICTMENT                 24

1               OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

2        61. In furtherance of the conspiracy and to attain its ends, the defendants committed the

3 following overt acts, among others, in the Northern District of California and elsewhere:

4           a. On or about March 13, 2002, in San Mateo County, defendant Conte deposited

5 a check in the amount of $950 from a track and field athlete into his personal checking account.

6           b. On or about June 4, 2002, in San Mateo County, defendant Conte deposited a

7 check in the amount of $960 from a track and field athlete into his personal checking account.

8           c. On or about August 20, 2002, in San Mateo County, defendant Conte

9 deposited a check in the amount of $1,700 from a professional football player into his personal

10 checking account.

11           d. On or about September 27, 2002, in San Mateo County, defendant Conte

12 deposited a check in the amount of $1,250 from a professional football player into his personal

13 checking account.

14           e. On or about December 5, 2002, in San Mateo County, defendant Anderson

15 caused another individual to cash a check in the amount of $1,000 from a professional baseball

16 player.

17           f. On or about December 17, 2002, in San Mateo County, defendant Anderson

18 caused another individual to cash a check in the amount of $730 from a professional baseball

19 player.

20           g. On or about March 13, 2003, in San Mateo County, defendant Conte

21 deposited a check in the amount of $300 from a track and field athlete into his personal checking

22 account.

23           h. On or about April 8, 2003, defendant Anderson caused another individual to

24 cash a check in the amount of $1,200 from a professional baseball player.

25        All in violation of Title 18, United States Code, Section 1956(h).

26 //

27 //

28 //

INDICTMENT                  25

1  COUNT THIRTY-SEVEN: (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2--Money Laundering;
   Aiding and Abetting)

2

3      62. Paragraphs One through Twelve, and Count One of this Indictment, are hereby

   realleged and incorporated by reference as though fully set forth herein.

4

5      63. On or about June 4, 2002, in San Mateo County, in the Northern District of

   California, the defendants

6
                              VICTOR CONTE, JR., and
7                             JAMES VALENTE

8  did knowingly conduct a financial transaction affecting interstate commerce, to wit: by depositing

9  a check in the amount of $960 into defendant Conte's personal checking account, which in fact

10 involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute and

11 possess with intent to distribute anabolic steroids as set forth in Count One, knowing that the

12 transaction was designed at least in part to conceal and disguise the nature, location, source,

13 ownership, and control of the proceeds of the specified unlawful activity, while knowing that the

14 money involved in such financial transaction represented the proceeds of some form of unlawful

15 activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

16 COUNT THIRTY-EIGHT:  (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2--Money Laundering;
                        Aiding and Abetting)

17

18     64. Paragraphs One through Twelve, and Count One of this Indictment, are hereby

   realleged and incorporated by reference as though fully set forth herein.

19

20     65. On or about August 20, 2002, in San Mateo County, in the Northern District of

   California, the defendants

21
                              VICTOR CONTE, JR., and
22                            JAMES VALENTE

23 did knowingly conduct a financial transaction affecting commerce, to wit: by depositing a check

24 in the amount of $1,700 into defendant Conte's personal checking account, which in fact involved

25 the proceeds of a specified unlawful activity, that is, the conspiracy to distribute and possess with

26 intent to distribute anabolic steroids as set forth in Count One, knowing that the transaction was

27 designed at least in part to conceal and disguise the nature, location, source, ownership, and

28 control of the proceeds of the specified unlawful activity, while knowing that the money involved

INDICTMENT                           26

1  in such financial transaction represented the proceeds of some form of unlawful activity, in

2  violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

3  COUNT THIRTY-NINE:   (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2--Money Laundering;
                        Aiding and Abetting)

4

5      66.  Paragraphs One through Twelve, and Count One of this Indictment, are hereby

   realleged and incorporated by reference as though fully set forth herein.
6
       67.  On or about September 27, 2002, in San Mateo County, in the Northern District of
7
   California, the defendants
8
                              VICTOR CONTE, JR., and
9                             JAMES VALENTE

10 did knowingly conduct a financial transaction affecting interstate commerce, to wit: by depositing

11 a check in the amount of $1,250 into defendant Conte's personal checking account, which in fact

12 involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute and

13 possess with intent to distribute anabolic steroids as set forth in Count One, knowing that the

14 transaction was designed at least in part to conceal and disguise the nature, location,  source,

15 ownership, and control of the proceeds of the specified unlawful activity, while knowing that the

16 money involved in such financial transaction represented the proceeds of some form of unlawful

17 activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

18 COUNT FORTY: (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2;  – Money Laundering;
                       Willfully Causing)
19
       68.  Paragraphs One through Twelve, and Count One of this Indictment, are hereby
20
   realleged and incorporated by reference as though fully set forth herein.
21
       69.  On or about December 5, 2002, in San Mateo County, in the Northern District of
22
   California, the defendant
23
                              GREG ANDERSON
24
   did knowingly conduct a financial transaction affecting interstate commerce, to wit: by willfully
25
   causing another individual to cash a check in the amount of $1,000, which in fact involved the
26
   proceeds of a specified unlawful activity, that is, the conspiracy to distribute and possess with
27
   intent to distribute anabolic steroids as set forth in Count One, knowing that the transaction was
28
   designed at least in part to conceal and disguise the nature, location,  source, ownership, and

   INDICTMENT                          27

1   control of the proceeds of the specified unlawful activity, while knowing that the money involved

2   in such financial transaction represented the proceeds of some form of unlawful activity, in

3   violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

4   <u>COUNT FORTY-ONE</u>: (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2– Money Laundering;
             Willfully Causing)

5         70. Paragraphs One through Twelve, and Count One of this Indictment, are hereby

6   realleged and incorporated by reference as though fully set forth herein.

7         71. On or about December 17, 2002, in San Mateo County, in the Northern District of

8   California, the defendant

9   GREG ANDERSON

10  did knowingly conduct a financial transaction affecting interstate commerce, to wit: by willfully

11  causing another individual to cash a check in the amount of $730, which in fact involved the

12  proceeds of a specified unlawful activity, that is, the conspiracy to distribute and possess with

13  intent to distribute anabolic steroids as set forth in Count One, knowing that the transaction was

14  designed at least in part to conceal and disguise the nature, location, source, ownership, and

15  control of the proceeds of the specified unlawful activity, while knowing that the money involved

16  in such financial transaction represented the proceeds of some form of unlawful activity, in

17  violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

18  <u>COUNT FORTY-TWO</u>: (18 U.S.C. §§1956(a)(1)(B)(i) and 2– Money Laundering;
19            Willfully Causing)

20        72. Paragraphs One through Twelve, and Count One of this Indictment, are hereby

21  realleged and incorporated by reference as though fully set forth herein.

22        73. On or about April 8, 2003, in San Mateo County, in the Northern District of

23  California, the defendant

24  GREG ANDERSON

25  did knowingly conduct a financial transaction affecting interstate commerce, to wit: by causing

26  another individual to cash a check in the amount of $1,200, which in fact involved the proceeds of

27  a specified unlawful activity, that is, the conspiracy to distribute and possess with intent to

28  distribute anabolic steroids as set forth in Count One, knowing that the transaction was designed

INDICTMENT                               28

1  at least in part to conceal and disguise the nature, location, source, ownership, and control of the

2  proceeds of the specified unlawful activity, while knowing that the money involved in such

3  financial transaction represented the proceeds of some form of unlawful activity, in violation of

4  Title 18, United States Code, Sections 1956(a)(1)(B)(i).

5  CRIMINAL FORFEITURE ALLEGATION: (21 U.S.C. §§ 853 and 881(a)--Drug Forfeiture)

6       74.  The allegations contained in paragraphs One through Twelve and Counts One

7  through Seven of this Indictment are realleged and incorporated herein.

8       75.  As a result of the offenses alleged in Counts One through Seven above, defendants

9
10  VICTOR CONTE, JR.
    JAMES VALENTE,
    GREG ANDERSON, and
11  REMI KORCHEMNY

12  shall forfeit to the United States all right, title and interest in property constituting and derived

13  from any proceeds, the defendants obtained, directly or indirectly, as a result of said violations,

14  and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

15  commission of the said violations, including but not limited to the following property:

16           a.  approximately $63,920 in United States currency seized at the residence of
            Greg Anderson on September 3, 2003;

17
18           b.  a sum of money equal to the total amount of proceeds defendants derived
            from the commission of said offenses.

19      76.  If, as a result of any act or omission of the defendant, any of said property

20           a.  cannot be located upon the exercise of due diligence;

21           b.  has been transferred or sold to or deposited with, a third person;

22           c.  has been placed beyond the jurisdiction of the Court;

23           d.  has been substantially diminished in value; or

24           e.  has been commingled with other property which cannot be divided without

25              difficulty;

26  any and all interest defendants have in any other property (not to exceed the value of the above

27  forfeitable property) shall be forfeited to the United States.

28      All in violation of Title 21, United States Code, Sections 853(a)(1), (p), and 881(a) and

INDICTMENT          29

1  Rule 32.2 of the Federal Rules of Criminal Procedure.

2  CRIMINAL FORFEITURE ALLEGATION :(18 U.S.C. § 982--Money Laundering Forfeiture)

3      77.  The allegations contained in paragraphs One through Twelve and Counts Thirty-Six

4  through Forty-two of this Indictment are realleged and incorporated herein.

5      78.  As a result of a conviction of the offenses alleged in Counts Thirty-Six through Forty-

6  Two above, the defendants

7                      VICTOR CONTE JR.,
                    JAMES VALENTE, and

8                      GREG ANDERSON

9  shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all

10  right, title and interest in property, real and personal, involved in said violation, or any property

11  traceable to such property, including but not limited to the following:

12          a.  all commissions, fees and other property constituting proceeds of said offense;

13          b.  all property used in any manner to commit or facilitate the commission of said
             offense;

14

15          c.  a sum of money equal to the total amount of money involved in the
             commission of said offense.

16      79.  If, as a result of any act or omission of the defendants, any of said property

17          a.  cannot be located upon the exercise of due diligence;

18          b.  has been transferred or sold to or deposited with, a third person;

19          c.  has been placed beyond the jurisdiction of the Court;

20          d.  has been substantially diminished in value; or

21          e.  has been commingled with other property which cannot be divided without
             difficulty;

22

23  //

24  //

25  //

26  //

27  //

28  //

INDICTMENT           .       30

1   any and all interest defendants have in any other property, up to value of the property described in

2   paragraph 2 above, shall be forfeited to the United States, pursuant to Title 21, United States

3   Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

4        All in violation of Title 18, United States Code, Sections 982, 1956(h), and Rule 32.2 of

5   the Federal Rules of Criminal Procedure.

6

   DATED:                                          A TRUE BILL.

7
        2/12/04

8                                                  _Ramerrue_
                                                   FOREPERSON

9   KEVIN V. RYAN
    United States Attorney

10

11
    ROSS W. NADEL

12  Chief, Criminal Division

13
    (Approved as to form: _____)

14                      AUSA NEDROW

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    INDICTMENT                          31